# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN HOWELL,<br><br>Defendant. | CV-S-04-1419-RLH (PAL)<br>CR-S-98-0378-RLH (PAL)<br><br>**O R D E R**<br>(Motion Pursuant to §2255–#88) |

Before the Court is Defendant's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (#88, filed October 4, 2004). Pursuant to order of the Court, the Government filed its Opposition (#91) and Defendant has filed a "Response to Government's Opposition" (#92).

The basis for Defendant's motion is represented in the following statement from the motion: "Movant contends that his sentence is unconstitutional. Movant states that his sentence was enhanced under Title 21 U.S.C. 851." He then "pleads" *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and parenthetically notes *Blakely v. Washington*, 124 S. Ct. 2531 (2004), after noting that "a judge can not constitutionally increase a defendant's sentence beyond that authorized by the legislature for facts not reflected in the jury verdict or admitted by the defendant."

In his Response to Government's Opposition, he attempts to expand the basis for his motion to include other arguments. However, none of his arguments have merit, as will be explained below.

1

## I. Background

On July 15, 1999, After a three-day trial before then U.S. District Judge Johnnie Rawlinson, Defendant was found guilty of possession of cocaine with intent to sell. He was sentenced on November 18, 1999, to 120 months, which sentence reflected an enhancement based upon two prior drug-related convictions. He appealed his conviction on a number of bases, including a challenge of the constitutionality of his sentence enhancement. His conviction was affirmed in all aspects by the Ninth Circuit Court of Appeals in an opinion filed October 31, 2000.

This motion was filed October 4, 2004, nearly four years after the Ninth Circuit opinion. The motion's sole basis is noted above. However, his "Response to Government's Opposition" explains, for the first time, several bases for his motion, to wit: (1) that his sentence is unconstitutional because it was erroneously enhanced based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and premised on *Blakely v. Washington*, 124 S.Ct. 2531 (2004); (2) that his motion is not time-barred because the judgment of conviction did not become final until the Ninth Circuit's ruling in *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), which applied the *Blakely* decision to the Sentencing Guidelines, and he could not have discovered the basis for the §2255 motion until that decision (meaning his conviction was not final until that time); and (3) *Blakely* is retroactive. Each and all of those bases are without merit.

## II. Constitutionality of Sentence Previously Determined

The issue of the constitutionality of Defendant's sentence has already been determined by the Ninth Circuit Court of Appeal's Opinion of October 31, 2000. For the Court to find otherwise (and it does not, there being no basis to do so), would require it to act in defiance of Ninth Circuit law of this case. Defendant may not use a §2255 motion before the District Court to attack a decision of the Circuit Court.

## III. The §2255 Motion is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) (codified in relevant part at 28 U.S.C. §2255), provides as to a conviction which becomes final after April 24,

2

1996, a defendant may have one year from the date on which the conviction becomes final in which to file a Section 2255 motion. The Defendant's conviction became final when his appeal was denied by the Ninth Circuit Court of Appeals and that mandate spread upon the record. The finality of a conviction or sentence does not lie in limbo pending the possibility of a future decision that Defendant thinks may affect the constitutionality of his sentence.

### IV. *Blakely* is not Retroactive

The Government's articulate and thorough response could well be incorporated herein by reference and adopted by the Court. In summary, *Blakely*, and its progeny, *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004) do not apply on collateral review.

As noted in the very recent decision in *Cook v. United States of America*, 2004 WL 2365221, No. 04-74553 (9th Cir. October 22, 2004)

> Similarly, the Supreme Court has not made *Blakely* retroactive to cases on collateral review. Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is therefore denied. *See also In re: Dean*, 775 F.3d 1287 (11th Cir. 2004); *United States v. Simpson*, 376 F.3d 679 (7th Cir. 2004).

While it is true that the *Blakely* decision held that the application of the Washington sentencing procedures violated the Sixth Amendment where a pertinent sentencing enhancement was based upon a finding made by a judge, rather than a jury, and that by so doing it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). It is also true that the Ninth Circuit, in *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), held that the *Blakely* decision applies to the federal sentencing guidelines.

However, given the fact that the federal sentencing guidelines have previously been held constitutional, the *Blakely* decision forged new law and new procedures. The Supreme Court has repeatedly held that new constitutional decisions are not necessarily applicable to proceedings that have already been completed when the new decision was rendered. Significant examples are as follows: *Johnson v. New Jersey*, 384 U.S. 719 (1966) (interrogation rules of *Escobedo v. Illinois*, 378 U.S. 478 (1974), and *Miranda v. Arizona*, 384 U.S. 436 (1966), not retroactive); *Linkletter v.*

1 *Walker*, 381 U.S. 618 (1965) (exclusionary rule of *Mapp v. Ohio*, 367 U.S. 643 (1961), not
2 retroactive); *Solem v. Stumes*, 465 U.S. 638 (1984) (custodial interrogation rule of *Edwards v.
3 Arizona*, 451 U.S. 477 (1984), not applicable to cases on collateral review); *Halliday v. United
4 States*, 394 U.S. 459 (1969) (guilty plea acceptance rule of *McCarthy v. United States*, 394 U.S. 459
5 (1969), not retroactive); and *Allen v. Hardy*, 478 U.S. 255 (1986) (jury selection rule of *Batson v.
6 Kentucky*, 476 U.S. 79 (1986), not applicable to cases on collateral review). [N]ew rules should
7 always be applied retroactively to cases on direct review but . . . generally they should not be
8 applied retroactively to criminal cases on collateral review." *Teague v. Lane*, 489 U.S. 288, 303
9 (1989). This principle has only two narrow exceptions which do not apply here. Howell's
10 conviction became final when his appeal was rejected in October 2000.

11 A "new rule" is one not "<u>dictated</u> by precedent existing at the time the defendant's
12 conviction became final." *Graham v. Collins*, 506 U.S. 461, 467 (1993). Although the *Apprendi*
13 decision fours years ago held that any fact which increases a statutory maximum sentence must be
14 determined by a jury, it did not affect decisions which merely affected the level of the guideline
15 range so long as it did not exceed the statutory maximum. Accordingly, when the *Blakely* court
16 stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may
17 impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant,*"
18 (*Blakely v. Washington*, 124 S.Ct. 2531, 2537, emphasis in original) it announced a "new rule." As
19 stated in a case, cited with approval by the Ninth Circuit Court of Appeals in *Cook, supra*, the
20 Eleventh Circuit found that "the Supreme Court has strongly implied that *Blakely* is not to be
21 applied retroactively" *In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004).

22 . . . .
23 . . . .
24 . . . .
25 . . . .
26 . . . .

4

1  Based upon the foregoing, IT IS HEREBY ORDERED that Defendant's Motion
2  Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody
3  (#88) is DENIED.
4  Dated: January 11, 2005.

ROGER L. HUNT
U.S. District Judge